Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| LUCAS J. LATIMER RIVERA<br><br>Recurrido<br><br>v.<br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br><br>Recurrido<br><br>HI-TECH MANUFACTURING CO., INC.<br><br>Recurrente | TA2025RA00289 | *Revisión* procedente del Departamento del Trabajo y Recursos Humanos (DTRH)<br><br>Caso Núm.: SJ-002201-24<br><br>Sobre: Inegibilidad a los Beneficios de Compensación por Desempleo Sección de Empleo de Puerto Rico, según enmendada |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de noviembre de 2025.

Comparece HI-TECH MANUFACTURING CO., INC. (HI-TECH o parte recurrente) mediante un recurso de revisión especial, para solicitarnos la revisión de la *Decisión,* emitida el 15 de septiembre de 2025 y notificada al día siguiente, por el Secretario del Trabajo y Recursos Humanos (Secretario).[1] Mediante la *Decisión* recurrida, se revocó la resolución de la árbitro, notificada el 20 de febrero de 2025, y se determinó el señor Lucas J. Latimer Rivera (señor Latimer Rivera o recurrido) como elegible a los beneficios de seguro por desempleo, a tenor con la Ley de Seguridad de Empleo de Puerto Rico (Ley de Seguridad de Empleo).[2]

Por los fundamentos que expondremos, se *desestima* el recurso instado.

---

[1] SUMAC TA, a la Entrada Núm. 5, Anejo 1-C, págs. 50-59.
[2] Ley Núm. 74 de 21 de junio de 1956, 24 LPRA sec. 701 *et seq.*

## I

El caso del título inició cuando, el 24 de abril de 2024, el señor Latimer Rivera presentó una solicitud de beneficios de desempleo ante el Negociado de Seguridad de Empleo (Negociado) del Departamento del Trabajo y Recursos Humanos del Gobierno de Puerto Rico (DTRH), en la cual informó que su último patrono fue el aquí recurrente.[3] De ahí, el 30 de mayo de 2024, el Negociado le solicitó a HI-TECH que le proveyera cierta información relacionada a la razón de separación del empleado e incluyó un formulario para ser cumplimentado.[4]

Evaluado lo anterior, el 4 de junio de 2024, el Negociado le remitió al señor Latimer Rivera una *Determinación* en la cual lo declaró inelegible para recibir beneficios.[5]

Inconforme con el curso decisorio, el 18 de junio de 2024, el recurrido presentó una apelación ante la División de Apelaciones del Departamento del Trabajo y Recursos Humanos.[6] A tenor, se citó a las partes del título para una audiencia telefónica ante un Árbitro. Luego de varios incidentes procesales innecesarios pormenorizar, la División de Apelaciones emitió una *Resolución*, la cual fue notificada el 20 de febrero de 2025, mediante la cual confirmó la determinación emitida previamente por el Negociado.[7] Dicha determinación incluyó determinaciones de hecho y conclusiones de derecho.

Aun en desacuerdo, el 6 de marzo de 2025, el recurrido presentó una apelación ante el Secretario.[8] Luego de celebrada una audiencia, el 15 de septiembre de 2025, se emitió la *Decisión* que nos ocupa, la cual fue notificada al día siguiente.[9] A través de esta

---

[3] SUMAC TA, a la Entrada Núm. 5, Anejo 1-A, pág. 2.
[4] *Íd.* págs. 1-3.
[5] *Íd.*, Anejo 1-B, pág. 25.
[6] *Íd.*, Anejo 1-B, págs. 26-29. Véase, además, SUMAC TA, a la Entrada Núm. 5, Anejo 1-C, Pág. 32.
[7] SUMAC TA, a la Entrada Núm. 5, Anejo 1-C págs. 42-44.
[8] *Íd.*, pág. 45.
[9] *Íd.*, Anejo 1-C, págs. 50-59.

*Decisión,* el Secretario revocó la resolución de la Árbitro, notificada el 20 de febrero de 2025, y determinó que el recurrido era elegible a los beneficios de seguro por desempleo, a tenor con la Ley de Seguridad de Empleo, antes citada. La Decisión emitida incluyó determinaciones de hecho y conclusiones de derecho. Pese a lo expuesto en la *Decisión,* el Secretario dejó claro que no estaba pasando juicio en cuando a la legalidad del despido del recurrido, dado a que esa determinación se debía atender bajo otros estatutos y correspondía a otros foros evaluar una controversia de esa naturaleza.

En desacuerdo, el 15 de octubre de 2025, compareció la parte recurrente mediante un recurso de revisión especial en el cual esbozó su inconformidad con la determinación emitida por la DTRH.

El 24 de octubre de 2025, compareció el Negociado por conducto de la Oficina del Procurador General para presentar copia certificada del expediente administrativo del caso del título.

El 3 de noviembre de 2025, compareció la parte recurrida mediante *Escrito en cumplimiento de resolución y solicitud de desestimación.* Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

II

**A. Falta de jurisdicción**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[10] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[11] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no

---

[10] *R&B Power, Inc. v. Junta de Subasta ASG,* 213 DPR 685, 698 (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018).
[11] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).

tienen discreción para asumir jurisdicción allí donde no la tienen".[12] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[13] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[14] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[15] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[16] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[17]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[18] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. El Principio de Justiciabilidad y la Legitimación Activa

El principio de la justiciabilidad persigue evitar emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia.[19] En ese contexto, un asunto no es justiciable cuando (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden

---

[12] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[13] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.
[14] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018).
[15] *R&B Power, Inc. v. Junta de Subasta ASG,* a la pág. 698.
[16] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).
[17] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).
[18] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025).
[19] *Moreno Orama v. UPR,* 178 DPR 969, 973 (2010).

obtener una opinión consultiva o, (v) cuando se pretende promover un pleito que no está maduro.[20]

En cuanto, al concepto de legitimación activa, esta ha sido definida por nuestra más Alta Curia como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante".[21] En ese sentido, "el examen de la legitimación activa es un mecanismo usado por los tribunales para delimitar su propia jurisdicción y no adentrarse en los dominios de otras ramas de gobierno, y no lanzarse a resolver cuestiones hipotéticas o planteadas dentro de un contexto inadecuado".[22]

Por ello, esta doctrina requiere que la parte que solicite un remedio judicial demuestre que: (i) ha sufrido un daño claro y palpable; (ii) el daño es real, inmediato y preciso, no abstracto o hipotético; (iii) existe una conexión entre el daño sufrido y la causa de acción ejercitada, y (iv) la causa de acción surge al palio de la Constitución o de una ley.[23] De otra parte, el tribunal deberá evaluar: (i) si la controversia es tan definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés jurídico antagónico; (ii) que el interés de las partes sea real y substancial y que permita un remedio específico mediante una sentencia de carácter concluyente, y (3) si la controversia es propia para una determinación judicial, ya que se distingue de una disputa de carácter hipotético o abstracto, y de un caso académico o ficticio.[24] Así, pues, "la intervención del tribunal tendrá lugar

---

[20] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011); *Noriega v. Hernández Colón*, 135 DPR 406, 421–22 (1994); *ELA v. Aguayo, supra*, a la pág. 584.

[21] *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019), citando a *Bhatia Gautier v. Gobernador*, 199 DPR 59, 69 (2019).

[22] *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 739 (2022).

[23] *Fund. Surfrider y otros v. A.R.Pe.*, 178 DPR 563, 572 (2010).

[24] *Asoc. Fotoperiodistas v. Rivera Schatz*, supra, a la pág. 932.

únicamente si existe una controversia genuina surgida entre partes opuestas que tienen un interés real en obtener un remedio que afecte sus relaciones jurídicas".[25]

En lo pertinente al caso de marras, es preciso destacar que nuestro Alto Foro ha expresado que, para que una persona tenga legitimación activa para presentar un recurso de revisión judicial sobre una determinación de una agencia administrativa es indispensable que: (i) sea parte y (ii) esté adversamente afectado por la decisión administrativa.[26] En otras palabras, que la parte recurrente "tiene un interés sustancial en la controversia porque sufre o sufrirá una lesión o daño particular que es causado por la acción administrativa que se impugna mediante recurso de revisión judicial".[27] En cuanto al daño que presuntamente sufre la persona que interesa incoar un recurso de revisión judicial, este debe ser "ser claro, específico y no puede ser abstracto, hipotético o especulativo".[28]

### C. La Ley de Seguridad de Empleo de Puerto Rico

La Ley de Seguridad de Empleo de Puerto Rico (Ley Núm. 74 o Ley de Seguridad de Empleo) promueve la seguridad de empleos, facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y provee para el pago de compensación a personas desempleadas por medio de la acumulación de reservas.[29] En la consecución de ese fin, la Ley de Seguridad de Empleo establece un fondo de desempleo, distinto y separado de todos los dineros o fondos del Estado Libre Asociado de Puerto Rico, sufragado por las contribuciones pagadas por los patrones de acuerdo con los parámetros establecidos en la

---

[25] *Ramos, Méndez v. García García,* supra, a la pág. 394.
[26] *Lozada Sánchez et al. v. JCA,* 184 DPR 898, 918 (2012).
[27] *Íd.,* a las págs. 918-919, citando a *Fund. Surfrider y otros v. A.R.Pe.*, 178 DPR 563, 579.
[28] *Lozada Sánchez et al.,* supra, a la pág. 919, citando a *Fund. Surfrider y otros v. A.R.Pe.*, a la pág. 579.
[29] Sección 1 de la Ley Núm. 74, *supra*, 29 LPRA sec. 701.

propia ley.[30] El Secretario del Trabajo y Recursos Humanos tiene la obligación de interpretar y administrar el fondo conforme la ley y su primordial objetivo de proteger contra la inseguridad económica y el riesgo del desempleo.[31]

De otra parte, precisa reseñar que Ley de Seguridad de Empleo establece en detalle el procedimiento administrativo a seguirse para que un empleado reclame los beneficios de seguro por desempleo. Atendido el mismo, el Negociado es quien determina si este es elegible para recibir los referidos beneficios.[32] Los requisitos de elegibilidad para el programa de beneficios por desempleo se encuentran establecidos en la Sección 4 de la Ley de Seguridad de Empleo.[33] La referida sección, además, enumera las causas que descalifican a un reclamante de recibirlos.

Una vez se toma esta determinación, cualquier parte con derecho a recibir notificación de la misma puede establecer una apelación ante un árbitro en los términos dispuestos por la Ley Núm. 74.[34] Si alguna de las partes aún está en desacuerdo, puede presentar una apelación ante el Secretario, en el término dispuesto por la Ley Núm. 74.[35] El Secretario podrá confirmar, modificar o revocar las determinaciones o conclusiones del árbitro solamente a base de evidencia previamente sometida o a base de aquella evidencia que el Secretario ordene tomar.[36]

Ahora bien, pese a que el patrono disfruta del derecho a ser notificado sobre los procesos ante el Negociado que impliquen a un exempleado, esto no lo convierte parte.[37] Ello, puesto a que la comparecencia del patrono en el proceso administrativo ante esta

---

[30] *Castillo v. Depto. Del Trabajo*, 152 DPR 91, 98 (2000).
[31] *Íd.*
[32] Sección 4 de la Ley Núm. 74, *supra*, 29 LPRA sec. 704.
[33] *Íd.*
[34] *Íd.,* Sección 6 (b), 29 LPRA sec. 706.
[35] *Íd.,* Sección 6 (F).
[36] *Íd.*
[37] *Acevedo v. Western Digital Caribe*, 140 DPR 452, 467 (1996).

agencia no es de manera contenciosa o adversativa, si no en calidad de testigo en cumplimiento con una citación del Negociado.[38] Sobre este particular nuestro Alto Foro puntualizó "si un patrono viniese obligado por una determinación del Negociado de Seguridad de Empleo, los procedimientos administrativos sumarios para conceder beneficios por desempleo se tornarían en una especie de juicios en su fondo".[39] Lo anterior no puede posibilitarse por el hecho de que el patrono no está expuesto a pérdida económica alguna ante una determinación del Negociado.[40] Esto, puesto a que los beneficios por desempleo provienen del fondo de reserva y no de los recursos del patrono.[41]

III

Sabido es que la jurisdicción constituye materia privilegiada.[42] Por tanto, las cuestiones relacionadas a la competencia del tribunal deben ser resueltas con preferencia, dado a que, si un tribunal carece de jurisdicción, no puede hacer más que, así declararlo y desestimar la reclamación sin entrar en sus méritos.[43]

La agencia recurrida, en su *Escrito en cumplimiento de resolución y solicitud de desestimación,* arguye que esta Curia está impedida de atender el recurso de revisión judicial presentado por el aquí recurrente puesto a que este carece de legitimación activa. Tras un cuidadoso examen de los autos ante nuestra consideración, así como del derecho aplicable, estamos de acuerdo en que HI-TECH no tiene legitimación para impugnar ante esta Curia la *Decisión* traída ante nuestra consideración. Abundamos.

---

[38] *Acevedo v. Western Digital Caribe, supra,* a la pág. 467.
[39] *Íd.*
[40] *Íd.*, págs. 67-68.
[41] *Íd.*
[42] *R&B Power, Inc. v. Junta de Subasta ASG, supra,* a la pág. 698.
[43] *Íd.*

Según expusimos en nuestra exposición doctrinal previa, para que una persona tenga legitimación activa para presentar un recurso de revisión judicial sobre una decisión emitida por una agencia administrativa, debe ser parte en los procedimientos administrativos, así como estar adversamente afectado por la misma.[44] Conforme señalamos, ya hace un tiempo, nuestro Tribunal Supremo resolvió que el patrono no es parte en los procedimientos ante el Negociado de Seguridad en el Empleo.[45] Esto, dado a que su comparecencia se limita a prestar su testimonio en cumplimiento con una citación de la agencia. En otras palabras, no comparece ante la agencia de manera adversativa o contenciosa.[46]

Por lo antes expuesto, nos es forzoso declararnos sin jurisdicción ante la falta de la legitimación activa del aquí recurrente.

IV

Por los fundamentos que anteceden, se *desestima* el recurso incoado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[44] *Lozada Sánchez et al. v. JCA,* supra, a la pág. 918-919.
[45] *Acevedo v. Western Digital Caribe*, supra, a la pág. 467.
[46] *Íd.*